United States District Court
Southern District of Texas
**ENTERED**
October 10, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-1041 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

The United States moves to dismiss James Johnson's amended complaint, with prejudice, because it was improperly served and filed too late. The United States bases its motion on the service requirements of Rule 4 of the Federal Rules of Civil Procedure and on the deadlines set by the Federal Tort Claims Act. (Docket Entry No. 22). Johnson has responded to the government's motion. (Docket Entry No. 23). Based on careful consideration of the pleadings, motion and response, and the applicable law, the court grants the motion to dismiss, with prejudice because amendment would be futile. The reasons are set out below.

**I        Background**

Johnson was injured when he fell off an optometry chair at the Michael E. DeBakey Department of Veterans Affairs Medical Center in Houston on March 24, 2018. He filed an administrative claim with the Department of Veterans Affairs on October 15, 2018. That claim was denied on July 24, 2019. Johnson filed his federal court lawsuit on March 23, 2020, more than six months after the administrative denial. (Docket Entry No. 1). Johnson filed a motion for default judgment in October 2021, which the court denied in November because the U.S. Attorney for the Southern District of Texas was not served and because Johnson's complaint failed to allege the procedural prerequisites to filing a Federal Tort Claims Act claim. (Docket Entry No. 12).

The court ordered Johnson to file an amended complaint by December 17, 2021, and to serve that complaint by January 21, 2022. (*Id.*). Johnson did not file an amended complaint by the court's deadline. The court dismissed Johnson's complaint, without prejudice and with leave to amend, on March 3, 2022. (*Id.*). Johnson moved for a new trial, or to alter or amend the judgment, on the basis of his attorney's neglect. (Docket Entry No. 14). The court granted that motion and directed Johnson to file an amended complaint by June 17, 2022, and to serve it by July 22, 2022. (Docket Entry No. 15). The court warned Johnson that failure to meet these deadlines would result in dismissal with prejudice. (*Id.*).

## II.     Analysis

Johnson filed an amended complaint on June 21, 2022. (Docket Entry No. 16). The United States argues that the complaint was not properly served, because Johnson did not serve the Attorney General of the United States. (Docket Entry No. 22 at 2).

> A plaintiff intending to effect service on the United States must:
>
> (A)   (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

FED. R. CIV. P. 4(i)(1). The rule requires a plaintiff to comply with all three of subdivisions (A), (B), and, if applicable, (C), to effect service on the government. The United States contends that Johnson has failed to comply with subdivision (B), because he has not served the U.S. Attorney General. (Docket Entry No. 22 at 2). The government filed a notice in the court indicating this

2

failure on July 25, 2022.  (Docket Entry No. 21).  Johnson contends that he did properly serve the Attorney General through certified mail, and that, in any event, his proper service of the original complaint put the government on constructive notice of the suit.  (Docket Entry No. 23 at 3–4).

The court need not decide whether service was properly made, because Johnson's suit was filed too late.  A plaintiff must bring suit under the Federal Tort Claims Act within six months after the agency denies the plaintiff's administrative claim.  28 U.S.C. § 2401(b); *see also United States v. Wong*, 575 U.S. 402, 405 (2015).  Although that deadline may be extended for equitable reasons, a lack of diligence in pursuing a claim usually undermines a request for an extension.

Johnson's amended complaint make it clear that he did not file this lawsuit until more than six months after the Department of Veterans Affairs had denied his claim.  (Docket Entry No. 16 ¶ 22).  The VA denied the claim on July 24, 2019.  The deadline to file suit expired on January 24, 2020.  Johnson filed suit on March 23, 2020.  The record shows no equitable factors that would justify extending the deadline.  Johnson had ample notice, time, and opportunity to comply with the statutory deadline.  He has neither done so nor explained why he has not.  *Cf. Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 489 (5th Cir. 2016) (the grounds for equitably tolling an FTCA claim include "where a plaintiff is unaware of the facts giving rise to the claim because of the defendant's intentional concealment of them" (quoting reference omitted)); *Jenkins v. U.S. Postal Serv.*, 747 F. App'x 974, 975 (5th Cir. 2019) (affirming a district court's refusal to apply equitable tolling to an FTCA claim when "attorney error or neglect" was the plaintiff's stated reason for failing to comply with the statutory requirements).

Johnson acknowledges that he did not file his suit within six months after the Department of Veterans Affairs denied his claim.  (Docket Entry No. 23 at 6 ("The claim was denied on July 24, 2019, and the Plaintiff took measures to bring this cause of action on March 23, 2020.")).  He

argues that his suit was nevertheless timely filed because 28 U.S.C. § 2675(a) provides that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."  Johnson contends that, because the Department of Veterans Affairs did not dispose of his claim for more than six months after it was made, the six-month limitations period does not apply, and he was free to file his lawsuit at any time, without regard to the six-month period.  (Docket Entry No. 23 at 6–7).

Johnson provides no authority for this argument, which reads too much into § 2675(a).  The quoted language allows a claimant to file suit if the relevant agency simply does not issue a decision on the claim.  Courts presented with a similar argument have consistently rejected it as contrary to the purposes of the FTCA.  *See Ramirez v. United States*, 410 F. Supp. 3d 824, 834 (S.D. Tex. 2019) ("Other Circuit and District Courts have concluded that, even if an agency does not administratively decide a claim within six months, the six-month statute of limitations reactivates once the agency issues its final denial.") (collecting cases).

Accepting Johnson's argument would divest an agency of jurisdiction to consider a claim after six months.  That outcome would be contrary to the purposes of the "FTCA's administrative-presentment requirement," which is intended "to allow the federal agency promptly to investigate and, if appropriate, settle claims without having to resort to federal courts."  *Pleasant v. United States*, 764 F.3d 445, 449 (5th Cir. 2014) (citing *McNeil v. United States*, 508 U.S. 106, 111–12 & n.7 (1993)).  Accepting Johnson's reading of § 2675(a) would also make § 2401(b) meaningless.  Section 2401(b) "forever bar[s]" claims against the United States "unless [the] action is begun within six months . . . of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b).  Section 2675(a) supplements § 2401(b) with a constructive denial provision

4

that prevents agencies from leaving prospective plaintiffs in limbo by indefinitely sitting on their administrative claims.  *See Ramirez v. United States*, 410 F. Supp. 3d at 834–35.

### III.   Conclusion

The court grants Johnson's motion for leave to file a response.  (Docket Entry No. 23). The court grants the government's motion to dismiss with prejudice, and without leave to amend, because amendment would be futile.  (Docket Entry No. 22).  Final judgment will be entered by separate order.

SIGNED on October 10, 2022, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge